IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 14-cv-01881-MJW

SCOTT ALEX COPLEN,

Applicant,

v.

DAVID B. BERKEBILE, *Warden*,

Respondent.

**ORDER DENYING PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 2241**
**(Docket No. 1, as amended by Docket No. 17)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Scott Coplen is serving life in a federal prison, for carjacking with intent to cause death or serious bodily harm. While incarcerated at Florence ADX (a maximum-security facility), he allegedly wrote a sexually profane letter to a guard at his facility. Coplen was in the "step-down" unit at the time—a unit where, with good behavior, he could transition out of maximum security and into a general-population facility. As a result of the letter, he was taken out of the step-down unit and placed back into maximum security. He asks this Court[1] to vacate that sanction under 28 U.S.C. § 2241.

Because the sanction did not impact the length of his sentence (such as through the loss of good-time credits), Coplen's claim is not a cognizable habeas claim. It also fails to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court therefore denies the petition.

---

[1] The parties have consented to have this case resolved in its entirety by a magistrate judge, under 28 U.S.C. § 636(c). (Docket Nos. 18, 19.)

## Facts

Early in the morning on March 1, 2013, an officer retrieved the outgoing inmate mail at Florence ADX and found an envelope addressed to one of the female guards. The envelope contained both a pornographic picture and a sexually explicit letter. The letter was signed with another inmate's name—but according to the incident report, a surveillance video showed that Coplen put the letter in the mailbox, and a handwriting comparison indicated that he wrote it. (Docket No. 1, p. 15.)

For purposes of his disciplinary hearing, Coplen submitted a written statement. He did not deny placing the envelope in the mailbox. Rather, he denied knowledge of the envelope's contents and alleged that another inmate asked him to do it. He further alleged that:

- A handwriting comparison could not be a match;

- Another inmate was also punished for writing the letter, also based on a supposed handwriting comparison;

- The warden had a confidential-informant inmate working to "set up" other inmates for disciplinary actions, and that informant's fingerprints would be on all letters and envelopes of this nature; and

- This informant gave Coplen the envelope to mail, which the surveillance video could show.

Also for purposes of the hearing, Coplen also asked to review the surveillance video, for a formal handwriting analysis, for a fingerprint analysis, to take a polygraph test, and to call as a witness the other inmate allegedly punished for the letter. (Docket No. 25-1, pp. 24–28.) The disciplinary hearing officer denied all of these evidentiary requests, but did take statements from the three staff witnesses identified by Coplen. Two of the

witnesses provided no comment. The third stated that he had no knowledge of the incident, but that he had never seen Coplen engage in conduct of this nature and would not expect such behavior from him. (Docket No. 25-1, pp. 21–23.)

The hearing officer found Coplen guilty as charged. (Docket No. 25-1, p. 13.) As punishment, Coplen was (1) taken out of a step-down program that would eventually have transferred him to more a comfortable facility; (2) given 30 days of disciplinary segregation, suspended pending 60 days of clear conduct; and (3) denied phone and commissary privileges for 60 days. (Docket No. 1, p. 23.)

### **Petition for Relief**

Coplen filed a petition under 28 U.S.C. § 2241, arguing that he was denied due process in his disciplinary hearing. His petition alleges that he should have been allowed to see the surveillance video, to have a handwriting analysis conducted, to have the envelope fingerprinted, to take a polygraph, and to call the other allegedly punished inmate as a witness. He argues that because he did not have these rights, there is insufficient evidence of his guilt.

As a remedy, he asks to be restored to the step-down program, with no loss of time counted toward his eventual transfer to a general-population facility.

### **Analysis**

"Habeas corpus review is available under § 2241 if an individual is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quoting 28 U.S.C. § 2241(c)(3)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to

attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Id.* (internal quotation marks omitted).

"Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement." *Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000). In the Tenth Circuit, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma-Salazar*, 677 F.3d at 1035 (internal citations omitted). "[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought" in a *Bivens* action. *United States v. Garcia,* 470 F.3d 1001, 1003 (10th Cir.2006).

Where, as here, an inmate improperly brings a *Bivens* action as a habeas petition, the Tenth Circuit holds that the case must be dismissed for lack of jurisdiction. *Palma-Salazar*, 677 F.3d at 1038. In theory, Coplen might save this case (as a jurisdictional matter) by filing an amended complaint under *Bivens* instead of § 2241. *See Boyd v. Tkach*, Case No. 99-cv-02431-ZLW-CBS, 2007 WL 678640 (D. Colo. 2007) (ordering amended pleading to convert from habeas to *Bivens* action). But that amendment would be futile. To prove a *Bivens* claim, Coplen would need to prove that his confinement at the Florence ADX violates Due Process or the Eighth Amendment— arguments that this Court repeatedly rejects. *See, e.g.*, *McMillan v. Wiley*, 813 F. Supp.

5

2d 1238, 1247–51 (D. Colo. 2011); *Georgacarakos v. Wiley*, Case No. 07-cv-01712-MSK-MEH, 2010 WL 1291833, at *11–13 (D. Colo. Mar. 30, 2010).  Accordingly, there is no benefit to be gained from allowing Coplen to amend his pleadings.

## **Order**

For the foregoing reasons, the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Docket No. 1) is DENIED and this case is DISMISSED without prejudice for lack of subject-matter jurisdiction; each party is to bear its own costs and fees.


Dated: October 29, 2014          */s/ Michael J. Watanabe*
      Denver, Colorado             Michael J. Watanabe
                                                 United States Magistrate Judge